IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA THYER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Civil Case No. 06-3343-CV-S-RED |
| | ) | Crim. Case No. 04-3105-01-CR-S-RED |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Now before the Court is Particia Thyer's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1). After careful consideration, the Court **DENIES** Ms. Thyer's motion.

## BACKGROUND

Ms. Thyer was indicted on or about August 11, 2004. Her indictment included five counts and alleged that she committed murder for hire, solicitation of a violent crime, and two firearms crimes. The indictment also requested forfeiture of the proceeds of her crimes.

The indictment was supported by an investigation conducted by Dennis Deason, a Special Agent assigned to the South Central Drug Task Force. Ms. Thyer had agreed to pay Deason $2,000 plus some guns to kill her ex-husband, David Thyer. Ms. Thyer made specific arrangements with Deason regarding how the murder was to occur, and she refused to back out of their arrangement despite Deason's repeated offers to allow her to change her mind.

On June 14, 2005, Ms. Thyer and her attorneys signed a plea agreement admitting that the above facts are true. Ms. Thyer pleaded guilty to the murder for hire count, one of the firearm counts, and the forfeiture count of the indictment that same day, and the Court sentenced her to a

total of 147 months confinement on November 9, 2005.  Defendant did not appeal her criminal case but has now filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence.  She argues that her counsel was ineffective, federal jurisdiction did not exist, judgment was improperly entered on Count Three (possession of firearm), she was entrapped, prosecutorial misconduct occurred, and the plea bargain is invalid.

## DISCUSSION

### *Ms. Thyer's counsel was not ineffective.*

To establish an ineffective assistance of counsel claim, Ms. Thyer must prove that (1) counsel's performance was deficient, falling below an objective standard of reasonableness, and (2) that the deficient performance prejudiced him as to deprive him of fair proceedings.  *Strickland v. Washington*, 446 U.S. 668, 687-88 (1984).  The Court presumes counsel's conduct falls within the range of reasonable professional conduct.  *Id.* at 688-89.  To satisfy a showing of deficiency, a defendant must show that counsel failed to exercise the skills and diligence a reasonably competent attorney would have exhibited given the circumstances.  *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1994).  To establish prejudiced performance, a defendant must show that there is a reasonable probability, but for counsel's unreasonable professional errors, the results of the proceeding would have been different.  *See id.*

Ms. Thyer first argues that her attorneys were ineffective because they failed to investigate her psychological condition, and such investigation may have given rise to a finding of battered spouse syndrome.  Ms. Thyer admits, however, that her attorneys had a psychological report prepared by a doctor on her behalf.  Accordingly, counsel's investigation was proper.  Counsel's decision to recommend that Ms. Thyer plead guilty after such investigation was conducted is a

2

strategy decision, and strategy decisions by counsel are "virtually unchallengeable unless they are based on improper investigation." *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006). There is no evidence that counsel's investigation was improper.

Ms. Thyer also argues that her attorneys should have informed the Court of her abuse at the sentencing hearing in efforts to obtain a more favorable sentence. The specific words used and arguments offered by attorneys at sentencing hearings are strategy decisions. Moreover, Ms. Thyer was not prejudiced by counsel's failure to more thoroughly discuss the abuse at the sentencing hearing because the Court was already aware of Ms. Thyer's history when it sentenced Ms. Thyer, and the Court considered this history when determining the appropriate sentence for her.

Ms. Thyer also argues that her counsel was ineffective due to a conflict of interest. To establish ineffective assistance of counsel due to counsel's conflict of interest, Ms. Thyer must "show an actual conflict of interest that adversely affected [her] defense." *Winfield v. Roper*, 460 F.3d 1026, 1039 (8th Cir. 2006).

Ms. Thyer cannot establish that an actual conflict of interest existed. She claims that her attorney in an unrelated civil case, David Pointer, stole money and real property from her. Mr. Pointer did not represent Ms. Thyer in this case. Although Susan Faust, one of Ms. Thyer's attorneys in this case, practiced in the same law firm as Mr. Pointer, there is no evidence that Ms. Faust knew about or had involvement with Ms. Thyer's dispute with Mr. Pointer. Moreover, Ms. Thyer was concurrently represented by John Picerno, and he had no connection to Mr. Pointer. No conflict of interest existed. Even if a conflict of interest existed, there is no evidence that it adversely affected Ms. Thyer's defense.

3

### *Federal jurisdiction existed.*

Ms. Thyer argues that federal jurisdiction did not exist on the murder for hire count. The government responds that Ms. Thyer admitted in the plea agreement and at the plea hearing that an interstate phone call occurred during the planning of the murder. The murder for hire statute requires only that the defendant "use the mail or any facility of interstate or foreign commerce," and it states that "'facility of interstate commerce' includes means of transportation and communication." 18 U.S.C. § 1958. Interstate phone calls are a sufficient use of a facility of interstate commerce to create federal jurisdiction in murder for hire cases. *See generally U.S. v. Drury*, 396 F.3d 1303 (11th Cir. 2005); *U.S. v. Marek*, 238 F.3d 310 (5th Cir. 2001); *U.S. v. Weathers*, 169 F.3d 336 (6th Cir. 1999).

### *Ms. Thyer's remaining claims are procedurally barred.[1]*

Ms. Thyer did not appeal her criminal case. "A petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. U.S.*, 25 F.3d 704, 706 (8th Cir. 1994). This rule is excepted only if Ms. Thyer can show cause and prejudice, or that she is actually innocent. *Johnson v. U.S.*, 278 F.3d 839, 844 (8th Cir. 2002).

Throughout her motion, Ms. Thyer argues that she is actually innocent and the government did not have sufficient evidence to convict her. At her plea hearing, however, Ms. Thyer admitted to the Court that the facts set forth in the plea agreement were accurate. The Court also asked the

---

[1]Ms. Thyer's remaining arguments are meritless pursuant to the applicable substantive law. She also affirmatively waived these arguments in her plea agreement. Because Ms. Thyer is procedurally barred from advancing her remaining arguments, however, the Court need not specifically analyze these arguments in rendering a decision.

4

government to summarize the evidence it would present against Ms. Thyer. The government indicated that it could present tape recordings of phone conversations, testimony from an undercover agent, and other evidence that defendant did the things set forth in the indictment and the plea agreement. Ms. Thyer admitted under oath that she agreed that the government would be able to present the evidence as recited. She also admitted that she did the things the government said she had done. The uncontested facts set forth in the plea agreement clearly establish a sufficient basis for Ms. Thyer's convictions. Accordingly, Ms. Thyer is not actually innocent.

Ms. Thyer makes only one argument regarding cause and prejudice. She argues that she was not competent to enter a plea. She argues that her age and health rendered her incompetent to enter a guilty plea. She testified at the hearing, however, that she was competent to plead guilty. Mr. Picerno, Ms. Thyer's attorney, also confirmed that he believed she was competent to plead guilty. Moreover, the Court received a psychiatric report regarding Ms. Thyer's mental condition less than six months before her plea hearing. The report confirmed that "Mrs. Thyer's current mental status does not appear to impair her ability to proceed" and "Mrs. Thyer is presently competent to stand trial."

Accordingly, Ms. Thyer's nonconstitutional, nonjurisdictional claims are procedurally barred because she failed to appeal her criminal case.

## CONCLUSION

Particia Thyer's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1) is **DENIED**.

**IT IS SO ORDERED**.

DATED: August 10, 2007         _/s/ Richard E. Dorr_
                               RICHARD E. DORR, JUDGE
                               UNITED STATES DISTRICT COURT